KRZYSZKE *v.* OHIO & MICHIGAN COAL CO.

SALES—CONTRACTS—BREACH OF CONTRACT—FREIGHT CHARGES.

In an action for money paid for a car load of coal, which plaintiff claimed was not what he ordered and which he was unable to sell, the trial court was in error in holding that although plaintiff was entitled to recover what he had paid for the coal, the freight charges, which were paid by the defendant, should be deducted therefrom, since,

Sales, 35 Cyc. p. 611.

under the circumstances, had plaintiff paid the freight before the coal was unloaded, he would have been entitled to recover that sum in addition to the money advanced for the coal.

Case-made from Wayne; Lamb (Fred S.), J., presiding.    Submitted October 5, 1927.    (Docket No. 32.) Decided January 19, 1928.

Assumpsit in justice's court by Ludwig Krzyszke against the Ohio & Michigan Coal Company for breach of a contract of sale. There was judgment for plaintiff, and defendant appealed to the circuit court. Judgment for plaintiff for less than amount claimed. He appeals. Reversed, and judgment ordered entered for the full amount.

*Charles C. Stewart*, for appellant.

*Havelock J. Northmore*, for appellee.

BIRD, J. Plaintiff, a retail coal dealer in Waltz, purchased from defendant a car load of anthracite coal in December, 1922, for which he paid in advance $14 per ton, or a total of $650, and was to pay the freight soon after delivery. When it arrived plaintiff made a few sales, and soon learned that the coal was nearly worthless, and not what he had ordered. He called defendant on the 'phone and advised it of the condition of the coal, and informed it that he refused to accept it. Defendant advised him to sell the coal for what he could get and it would make the matter right. He tried to make sales but sold only a small amount. Defendant did not feel disposed to make him good, and he commenced this suit in assumpsit in justice's court to recover the $650, which he had paid, less what he had received for the few sales he had made. The justice found with him and gave him a judgment for $460.34. An appeal to the circuit court was taken and tried before the court without the aid of a jury.

The circuit court found that plaintiff was entitled to the same amount, with interest added, and a judgment was rendered for $522.58. Had the matter ended there plaintiff would have been content, but the trial court made the further finding:

"I further find that when plaintiff contracted to purchase said car load he was, in addition to $14 per ton, also to pay the freight which he refused to pay and the defendant coal company was afterwards compelled to pay such freight and the same amounted to the sum of $246.86, which sum I allow as an offset against the amount coming to and hereby allowed to the said plaintiff, together with interest on said $246.86 at 5 per cent. per annum, being $55, leaving a balance in favor of the plaintiff of $220.08, and I further find that as the defendant has reduced by such set-off the judgment below of $460.34 he is thereby entitled to costs to be taxed."

Of this finding plaintiff makes complaint. He argues that if he did not get what he ordered, he ought not to be obliged to pay for bringing it to him. We are impressed that plaintiff is right, and that the trial court lost sight of just what the plaintiff's position was. Plaintiff brought suit against defendant to recover what he had advanced on a car load of coal of a certain grade which he did not get. The amount was $650. Under a new arrangement with defendant he realized something out of the coal, and, of course, this was to be deducted from the $650. This left a balance of $460.34, plus the interest. Had plaintiff paid the freight before the coal was unloaded, he would have been entitled to recover that sum in addition to the sum of $650 which he advanced. If plaintiff is entitled to be relieved from making payment for the coal because of a failure of consideration, it is hardly consistent to make him pay the freight on the coal. We think plaintiff is entitled to a judgment of $460.34, plus the interest.

The judgment will be reversed and one entered in

the trial court for the foregoing amount.     Plaintiff will recover his costs in both courts.

FELLOWS, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred.

Chief Justice FLANNIGAN and the late Justice SNOW took no part in this decision.